IN RE: INQUIRY CONCERNING A JUDGE, NO. 182, JERRY W. LEONARD, RESPONDENT

No. 454A94

(Filed 10 February 1995)

**Judges, Justices, and Magistrates § 36 (NCI4th)— censure of district court judge—behavior resulting from alcohol use**

A former district court judge is censured for conduct prejudicial to the administration of justice that brings the judicial office

**IN RE LEONARD**

[339 N.C. 596 (1995)]

into disrepute based upon the following conduct; (1) his behavior while publicly intoxicated in Key West, Florida which resulted in his arrest and a negotiated plea of *nolo contendere* to the criminal offense of trespass after warning; (2) his behavior while publicly intoxicated in Raleigh, North Carolina which resulted in his conviction of the criminal offense of indecent exposure; and (3) his continuing refusal, even after admitting psychological dependency, to abstain from the consumption of alcohol, the use of which caused the aforementioned incidents and conduct.

**Am Jur 2d, Judges § 19.**

**Power of court to remove or suspend judge. 53 ALR3d 882.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), filed with the Court 20 September 1994, that Judge Jerry W. Leonard, formerly a Judge of the General Court of Justice, District Court Division, Tenth Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of Canons 1 and 2A of the North Carolina Code of Judicial Conduct.

*William N. Farrell, Jr., Senior Deputy Attorney General, Special Counsel for the Judicial Standards Commission.*

*Merriman, Nicholls & Crampton, P.A., by Nicholas J. Dombalis, II, for respondent.*

ORDER OF CENSURE.

The conduct upon which the Commission based its recommendation that the respondent be censured included: (1) the respondent's behavior while publicly intoxicated in Key West, Florida on 28 December 1992 which resulted in his arrest and in a negotiated plea of *nolo contendere* to the criminal offense of trespass after warning; (2) the respondent's behavior while publicly intoxicated in Raleigh, North Carolina in November of 1993 which resulted in his conviction of the criminal offense of indecent exposure; and (3) the respondent's continuing refusal, even after admitting psychological dependency, to abstain from the consumption of alcohol, the use of which caused the aforementioned incidents and conduct.

In his answer, the respondent "admitted that the conduct above constitutes conduct not in conformity with the Code of Judicial Con-

duct." Also, the respondent acknowledges that, "such conduct was a product of the voluntary consumption of intoxicating alcohol, a willful act." During the formal hearing before the Commission, the respondent offered evidence in the form of numerous affidavits in support of his capabilities as a jurist.

After reviewing the record in this case and the recommendation of the Commission, this Court concludes that the respondent's conduct constitutes conduct prejudicial to the administration of justice that brings the judicial office into disrepute within the meaning of N.C.G.S. § 7A-376. The Court approves the recommendation of the Commission that the respondent be censured.

Now, therefore, it is, pursuant to N.C.G.S. §§ 7A-376, 377, and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, ordered that Judge Jerry W. Leonard be, and he is hereby, censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

Done by the Court in Conference this the 9th day of February 1995.

For the Court